SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CRST INTERNATIONAL, INC., an Iowan corporation, CRST
EXPEDITED, INC., an Iowan corporation, and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jesus Perez, an individual, on behalf of himself, all others similarly
situated, and the general public

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 05 2017

B. Ellico-Mestas

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Historic Courthouse

4050 Main Street, Riverside, California 92501

CASE NUMBER:
*(Número del Caso):*
RIC 1705858

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael S. Morrison, 401 Wilshire Boulevard, Ste. 1000, Santa Monica, California 90401, Tel. 310-394-0888

DATE: APR 05 2017                              Clerk, by    **Briana Ellico-Mestas**         , Deputy
*(Fecha)*                                      *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)
Jessica S. Choi (State Bar No. 312796)
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811
E: mmorrison@akgllp.com | jchoi@akgllp.com

**HURWITZ, ORIHUELA & HAYES, LLP**
Nicolas Orihuela (State Bar No. 221898)
5757 Wilshire Boulevard, Suite 503
Los Angeles, California 90036
T: 323 965 2103
E: no@hohlawyers.com

Attorneys for Plaintiff JESUS PEREZ individually, on behalf of all others similarly situated, and the general public

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 05 2017

B. Ellico-Mestas

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| JESUS PEREZ, as an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>CRST INTERNATIONAL, INC., an Iowan corporation, CRST EXPEDITED, INC., an Iowan corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. RIC 1705858<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **MISCLASSIFICATION OF EMPLOYEE AS INDEPENDENT CONTRACTOR (CAL. LABOR CODE § 226.8)**<br><br>2. **FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION (CAL. LABOR CODE §§ 226.7, 512)**<br><br>3. **FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM WAGE VIOLATIONS (CAL. LABOR CODE §§ 216, 1194, 1194.2, 1197)**<br><br>4. **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS (CAL. LABOR CODE §§ 226, 226.2)** |

-i-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

|  | ) | 5. **WAITING TIME PENALTIES (CAL. LABOR CODE § 203)** |
|---|---|---|

5. **WAITING TIME PENALTIES (CAL. LABOR CODE § 203)**

6. **FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD (CAL. LABOR CODE § 204)**

7. **FAILURE TO REIMBURSE BUSINESS EXPENSES (CAL. LABOR CODE § 2802)**

8. **PRIVATE ATTORNEYS GENERAL ACT (CAL. LABOR CODE §§ 2698, ET SEQ.)**

9. **UNFAIR BUSINESS PRACTICES (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.)**

**DEMAND FOR JURY TRIAL**

Plaintiff JESUS PEREZ ("PLAINTIFF"), as an individual and on behalf of himself, all others similarly situated, and the general public, complains and alleges on information and belief the following against CRST INTERNATIONAL, INC., a corporation, CRST EXPEDITED, INC., a corporation, and DOES 1-100 (collectively "DEFENDANTS"):

## INTRODUCTION

1.       This case arises out of DEFENDANTS' systematic, company-wide, unlawful treatment of PLAINTIFF and hundreds of similarly situated employees in violation of numerous provisions of the California Labor Code and California's Unfair Compensation Law (Business and Professions Code Section 17200 et seq. ["UCL"]).

2.       DEFENDANTS operate a truck transportation and logistics company which delivers products for manufacturers and distributors in California and nationwide.  PLAINTIFF and proposed members of the PLAINTIFF CLASS (defined in detail below) were/are employed

Exhibit A
3 of 102

1   by DEFENDANTS as truck drivers in California and deliver products for DEFENDANTS in

2   California.  DEFENDANTS wrongly classified PLAINTIFF and other members of the

3   PLAINTIFF CLASS as independent contractors instead of employees.

4        3.       Despite PLAINTIFF's status as an independent contractor, DEFENDANT dictated

5   PLAINTIFF's work hours, assignments, revisions to his assignments, and his planned routes.

6   DEFENDANT controlled significant aspects of the PLAINTIFF's operation of the truck, yet

7   required PLAINTIFF to lease the truck and container and pay for his own insurance, fuel, and

8   damage.  The designation of the drivers as independent contractors was and is clearly improper

9   because drivers lack the requisite control and discretion over their job responsibilities and duties

10  to deserve treatment as independent contractors.  DEFENDANT clearly intentionally

11  misclassified PLAINTIFF and members of the PLAINTIFF CLASS.

12       4.       In addition to wrongful misclassification, PLAINTIFF alleges in this lawsuit that

13  PLAINTIFF and members of the PLAINTIFF CLASS were not provided with lawful meal and

14  rest periods as required by California state law.  PLAINTIFF further alleges that PLAINTIFF and

15  members of the PLAINTIFF CLASS were required to work off-the-clock, which violates state

16  minimum wage laws, and that they were not reimbursed for all business related expenses, such as

17  expenses associated with renting a GPS unit and messaging plan, maintenance of the trucks,

18  mileage, gas, and other expenses which are weekly deducted from drivers' pay, among other

19  claims.

20       5.       This action further alleges that DEFENDANTS have violated California Business

21  and Professions Code Section 17200, et seq., based on their violations of California's Labor laws.

22       6.       The violations described in this lawsuit entitle PLAINTIFF and members of the

23  PLAINTIFF CLASS to unpaid wages, including minimum wage pay, reimbursement for all

24  business-related expenses, all applicable statutory and civil penalties, including civil penalties

25  recoverable pursuant to the Private Attorneys General Act ("PAGA"), attorneys' fees, costs, and

26  interest.  PLAINTIFF, on behalf of the PLAINTIFF CLASS (defined below), also seeks to certify

27  his non-PAGA claims under California Code of Civil Procedure Section 382.  With respect to his

28  PAGA claim, PLAINTIFF intends to pursue a representative action on behalf of all aggrieved

-3-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    employees like PLAINTIFF.

2                              **JURISDICTION AND VENUE**

3         7.    The Court has personal jurisdiction over DEFENDANTS because they are

4    residents of and/or doing business in the state of California.  DEFENDANT CRST

5    INTERNATIONAL, INC. is subject to personal jurisdiction as an Iowan corporation conducting

6    substantial and continuous commercial activities in California.  DEFENDANT CRST

7    EXPEDITED, INC. is subject to personal jurisdiction as an Iowan corporation conducting

8    substantial and continuous commercial activities in California.  This case arises from

9    DEFENDANTS' wrongful conduct in California, where DEFENDANTS employed PLAINTIFF

10   and members of the proposed PLAINTIFF CLASS (defined below).

11        8.    Venue is proper in this Court in accordance with Section 395(a) of the California

12   Code of Civil Procedure because DEFENDANTS employed members of the PLAINTIFF CLASS

13   in Riverside County and some of the harms occurred in Riverside County.

14                                    **PARTIES**

15        9.    PLAINTIFF is a resident of Santa Ana, California.  PLAINTIFF was formerly

16   employed by DEFENDANTS as a driver at the Riverside Terminal from July, 1995 until October,

17   2016.

18        10.   PLAINTIFF is informed, believes, and alleges that DEFENDANTS have been

19   doing business in California at all relevant times.  Defendant CRST INTERNATIONAL, INC. is

20   an Iowan corporation which has been doing business in California at all relevant times.

21   Defendant CRST EXPEDITED, INC. is an Iowan corporation which has been doing business in

22   California at all relevant times.

23        11.   Section 2(G) of Industrial Wage Commission ("IWC") Order Number 9-2004

24   defines an "employer" as any "person as defined in Section 18 of the [California] Labor Code,

25   who directly or indirectly, or through an agent or any other person, employs or exercises control

26   over the wages, hours, or working conditions of any person."  PLAINTIFF is informed, believes,

27   and alleges that DEFENDANTS directly, indirectly, or acting through the agency of each other,

28   employ or exercise control over the wages, hours, or working conditions of PLAINTIFF and the

                                          -4-
                     CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    rest of the class.  Furthermore, on information and belief, a centralized payroll and accounting

2    system is used to pay the wages of PLAINTIFF and all members of the class at all

3    DEFENDANTS' locations in California.  Specifically, DEFENDANTS pay the wages and other

4    benefits of all PLAINTIFF CLASS members and direct and control, with the assistance of or

5    though the other named DEFENDANTS, the terms and conditions of all class members'

6    employment.  Accordingly, DEFENDANTS are deemed joint employers of PLAINTIFF and the

7    rest of the PLAINTIFF CLASS.

8        12.    The true names and capacities of Defendants named as DOES 1-100, inclusive,

9    whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF, who

10   therefore sues such Defendants by such fictitious names.  PLAINTIFF will amend this Complaint

11   to show true names and capacities when they have been determined.

12       13.    At all times mentioned, DEFENDANTS, and each of them, were the agents,

13   representatives, employees, successors, assigns, parents, subsidiaries, and / or affiliates, each of

14   the other and, at all pertinent times, were acting within the course and scope of their authority as

15   such agents, representatives, employees, successors, assigns, parents, subsidiaries, and / or

16   affiliates.  PLAINTIFF also alleges that DEFENDANTS were, at all relevant times, the alter egos

17   of each other.  All references made to DEFENDANTS herein is intended to include all of the

18   named Defendants as well as the DOE Defendants.  Each of the fictitiously named DOE

19   Defendants is responsible in manner for the occurrences alleged and proximately caused

20   PLAINTIFF's damages as well as damages of members of the class.

21                    **CLASS ACTION ALLEGATIONS**

22       14.    PLAINTIFF brings this action on behalf of himself and all others similarly situated

23   as a class action pursuant to California Code of Civil Procedure Section 382, on behalf of the

24   following class (referred to as the "PLAINTIFF CLASS").  The PLAINTIFF CLASS is

25   composed of and defined as follows:

26       **All California citizens who worked as truck drivers and were classified as**

27   **independent contractors at any of DEFENDANTS' locations in California at any time**

28   **within four (4) years prior to the filing of this Complaint until the final judgment**

-5-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    **(hereinafter "the Class Period").**

2        15.    The members of the PLAINTIFF CLASS are so numerous that joinder of all

3    members would be unfeasible and impracticable.  The membership of the entire class is greater

4    than 100 individuals, but the identity of such membership is readily ascertainable via inspection

5    of the personnel records and other documents maintained by DEFENDANTS.

6        16.    There are common questions of law and fact as to members of the class which

7    predominate over questions affecting only individual members, including, without limitation:

8            A.    Whether DEFENDANTS willfully and intentionally misclassified

9    PLAINTIFF and the members of the PLAINTIFF CLASS as independent contractors instead of

10   as employees;

11           B.    Whether DEFENDANTS denied PLAINTIFF and members of the

12   PLAINTIFF CLASS all of the wages to which they are entitled pursuant to the California Labor

13   Code, the California Industrial Welfare Commission's ("IWC") Wage Orders, and all other

14   applicable Employment Laws and Regulations;

15           C.    Whether DEFENDANTS failed to make meal and rest periods available to

16   PLAINTIFF and members of the PLAINTIFF CLASS as required by law and/or paid

17   compensation in lieu thereof;

18           D.    Whether DEFENDANTS failed to pay the required state minimum wage to

19   PLAINTIFF and members of the PLAINTIFF CLASS for every hour where work was performed;

20           E.    Whether DEFENDANTS violated California Labor Code Section 204 by

21   failing to pay all wages earned in a timely manner;

22           F.    Whether DEFENDANTS failed to provide PLAINTIFF and members of

23   the PLAINTIFF CLASS with accurate itemized statements;

24           G.    Whether DEFENDANTS owe PLAINTIFF and member of the

25   PLAINTIFF CLASS waiting time penalties pursuant to California Labor Code Section 203;

26           H.    Whether DEFENDANTS failed to reimburse all business related expenses

27   incurred by PLAINTIFF and the PLAINTIFF CLASS;

28           I.    Whether DEFENDANTS engaged in unfair business practices under

-6-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1  Section 17200, et seq., of the California Business and Professions Code;

2          J.      The effect upon and the extent of damages suffered by members of the

3  PLAINTIFF CLASS and the appropriate amount of compensation.

4          17.     The claims PLAINTIFF pleads as class action claims are typical of the claims of

5  all members of the PLAINTIFF CLASS as they arise out of the same course of conduct and are

6  predicated on the same violation(s) of the law.  PLAINTIFF, as a representative party, will fairly

7  and adequately protect the interests of the class by vigorously pursuing this suit through his

8  attorneys who are skilled and experienced in handling matters of this type.

9          18.     The nature of this action and the nature of the laws available to the PLAINTIFF

10  CLASS make use of the class action format, a particularly efficient and appropriate procedure to

11  afford relief to members of the PLAINTIFF CLASS.  Further, this case involves a corporate

12  employer and a large number of individual employees possessing claims with common issues of

13  law and fact.  If each employee were required to file an individual lawsuit, the corporate

14  Defendants would necessarily gain an unconscionable advantage since they would be able to

15  exploit and overwhelm the limited resources of each individual Plaintiff with their vastly superior

16  financial and legal resources.  Requiring each class member to pursue an individual remedy

17  would also discourage the assertion of lawful claims by employees who would be disinclined to

18  pursue an action against their present and/or former employer for an appreciable and justifiable

19  fear of retaliation and permanent damage to their careers at present and/or subsequent

20  employment.  Proof of a common business practice or factual pattern, of which the named

21  PLAINTIFF experienced, is representative of the PLAINTIFF CLASS and will establish the right

22  of each of the members of the PLAINTIFF CLASS to recovery on these alleged claims.

23          19.     The prosecution of separate actions by the individual members of the PLAINTIFF

24  CLASS, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts

25  or adjudications with respect to the individual members of the PLAINTIFF CLASS against the

26  DEFENDANTS; and/or (b) legal determinations with respect to the individual members of the

27  PLAINTIFF CLASS which would, as a practical matter, be dispositive of the other class

28  members' claims who are not parties to the adjudications and / or would substantially impair or

-7-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    impede the ability of class members to protect their interests.  Further, the claims of the individual

2    members of the PLAINTIFF CLASS are not sufficiently large to warrant vigorous individual

3    prosecution considering all of the associated concomitant costs and expenses.  PLAINTIFF is

4    unaware of any difficulties that are likely to be encountered in the management of this action that

5    would preclude its maintenance as a class action.

6                          **FACTS COMMON TO ALL CAUSES OF ACTION**

7            20.    PLAINTIFF JESUS PEREZ was hired in or about July 1995 as an employee to

8    drive a truck he leased from DEFENDANTS.  His employee status continued uninterrupted until

9    2004, when PLAINTIFF was required to join the lease program to maintain his employment with

10   DEFENDANTS and had his classification changed to that of an independent contractor.

11   Although PLAINTIFF's classification changed to that of an independent contractor, his job duties

12   and DEFENDANTS' control over those duties remained unchanged.

13           21.    Despite his status as an independent contractor, DEFENDANTS dictated

14   PLAINTIFF's work hours, assignments, revisions to assignments, and his planned routes.  The

15   designation of PLAINTIFF and other similarly situated drivers as independent contractors was

16   and is clearly improper because drivers lack the requisite control and discretion over their job

17   responsibilities and duties to deserve treatment as independent contractors.

18           22.    In particular, DEFENDANTS have the right to and in fact do tightly control the

19   job duties of its drivers.  Drivers must use two-driver teams at all times and cannot drive alone,

20   except under limited circumstances.  DEFENDANTS train drivers on how to drive a sleeper berth

21   in teams of two drivers, with one who drives while the other sleeps.  Drivers are outfitted with

22   GPS units, which they are required to furnish and install, or rent weekly, so DEFENDANTS can

23   track their movements when driving.  Drivers are expected to keep the trucks moving 24 hours a

24   day, and if the truck is stationary for more than 30 minutes, DEFENDANTS send a message to

25   the driver to keep moving.  If the driver does not respond, DEFENDANTS will send a tow truck

26   and tow the truck away.

27           23.    When the drivers are not in their truck, they must have a cell phone so

28   DEFENDANTS can always contact the drivers.  DEFENDANTS are in constant contact with

-8-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1  drivers throughout their deliveries in order to monitor their performance. Moreover,

2  DEFENDANTS will terminate drivers for any alleged "violation" of their policies. In California,

3  DEFENDANTS monitor if the drivers exceed 55 miles per hour, and send a message to drivers

4  that they were speeding. In fact, DEFENDANTS often deduct money from drivers for violations.

5  There is a $150 penalty for the first violation, $300 penalty for the second violation, and a third

6  violation results in termination.

7       24.    Moreover, drivers cannot refuse driving assignments without severe consequences.

8  The failure to accept an assignment will result in the loss of other assignments or outright

9  cancellation of the independent contractor arrangement. For example, if a driver refuses a load or

10  fails to show up for work, he or she will be suspended from future loads for one or two days.

11  Drivers also cannot call in sick or take vacation without similar consequences befalling them.

12  Indeed, PLAINTFF was explicitly told he could not take off time to be with his son, who was

13  sick, without there being adverse consequences while he was driving for DEFENDANTS out-of-

14  state.

15       25.    Further, DEFENDANTS dictate that the exterior of the vehicles must be marked

16  with the DEFENDANTS' logo, and requires that drivers remove any paint, decals, or other items

17  that DEFENDANTS determine to be offensive or interfering with CRST identification.

18  DEFENDANTS can also require the repainting or remarking of the vehicle at the driver's

19  expense.

20       26.    Moreover, DEFENDANTS also do not provide meal and rest periods to

21  PLAINTIFF and members of the PLAINTIFF CLASS in accordance with the requirements of

22  California law. With respect to meal periods, DEFENDANTS only authorize meal periods in

23  accordance with federal law – i.e. once every eight hours of driving as opposed to before the

24  conclusion of the fifth hour. Drivers are only instructed to take their meal period before the 8th

25  hour of driving. Consequently, drivers only stop once every eight hours for a 30 minute meal

26  period and this occurs almost always after five hours into their shift. DEFENDANTS fail to

27  authorize as a matter of policy a meal period where drivers are relieved of all duty for a 30-

28  minute period within the first five hours of their shift or pay the premium compensation for the

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1  missed or late meal period.  In addition, drivers never receive and are not authorized as a matter

2  of policy to take a second meal period for shifts in excess of ten hours or pay the premium

3  compensation for the missed second meal period.  Concerning the second meal period, there is no

4  evidence that drivers have agreed to waive their right to a second meal period with respect to

5  shifts lasting more than 10 hours but less than 12 hours.  Despite knowing that PLAINTIFF and

6  members of the PLAINTIFF CLASS are unable to take legally compliant meal periods,

7  DEFENDANTS never pay the premium compensation for the missed or late meal periods.

8       27.    DEFENDANTS also do not provide PLAINTIFF and members of the PLAINTIFF

9  CLASS with a legally compliant ten-minute, work-free rest period for shifts lasting between two

10  to six hours.  They are also not provided with a second rest period for shifts lasting six to ten

11  hours, or a third rest period for shifts in excess of ten hours.  First, as stated above,

12  DEFENDANTS do not provide drivers with paid rest periods because of the piece-rate system of

13  compensation used to pay them, which does not cover non-productive times such as rest periods.

14  Second,  DEFENDANTS fail to authorize work-free rest periods where employees are relieved of

15  all duties, and does not pay the premium compensation for the missed rest periods, because it

16  only adheres to federal law, which does not require a rest period.   Despite knowing that

17  PLAINTIFF and members of the PLAINTIFF CLASS are unable to take legally compliant rest

18  periods, DEFENDANTS never pay the premium compensation for the missed or late rest periods.

19       28.    In addition to violating California's wage and hour laws with respect to meal and

20  rest periods, DEFENDANTS also fail to pay the state minimum wage to PLAINTIFF and

21  members of the PLAINTIFF CLASS for all work performed.  In California, by law, any time

22  which is not compensated automatically constitutes a minimum wage violation.  (See *Armenta v.*

23  *Osmose, Inc.* (2005) 135 Cal.App.4th 314, 324).  DEFENDANTS fail to pay employees the

24  required minimum wage for all hours worked.  DEFENDANTS compensate PLAINTIFF and the

25  PLAINTIFF CLASS on a piece-rate basis based on a percentage of the delivery load they are

26  hauling.  Because drivers are paid on a piece-rate basis, they are not separately compensated for

27  non-piece rate work, including the time they spend conducting pre- and post-trip inspections,

28  waiting to load or unload the truck, the actual loading or unloading, fueling, repairing and

-10-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    maintaining the truck, hooking or unhooking trailers, and preparing logbooks or other paperwork.

2        29.    DEFENDANTS also provided inaccurate wage statements to PLAINTIFF and

3    members of the PLAINTIFF CLASS.  The wage statements do not show the correct total hours

4    worked, the correct gross pay earned,  and the correct net wages earned, among other

5    deficiencies.  The wage statements also do not show the total hours of compensable rest and

6    recovery periods, the rate of compensation, and the correct gross wages earned, the total hours of

7    other nonproductive time, the rate of compensation, and the gross wages paid for that

8    nonproductive time, pursuant to Labor Code Section 226.2.  This causes injury because it makes

9    it more difficult for PLAINTIFF and members of the PLAINTIFF CLASS to determine what

10    compensation they are owed but were not paid.

11        30.    PLAINTIFF and members of the PLAINTIFF CLASS were also not provided with

12    all wages due upon termination or resignation.  The failure to pay all wages upon termination or

13    resignation was willful and not the result of inadvertence or mistake. This is prohibited practice in

14    California.

15        31.    DEFENDANTS also failed to reimburse PLAINTIFF and members of the

16    PLAINTIFF CLASS for reasonable business expenses.  The misclassification has burdened

17    PLAINTIFF and other similarly situated drivers with expenses that have not been reimbursed by

18    DEFENDANTS, such as expenses associated with renting a GPS unit, maintenance of the trucks,

19    mileage, gas, and other expenses which are weekly deducted from drivers' pay.  Each week,

20    DEFENDANTS unlawfully deduct hundreds, if not thousands of dollars from the drivers' pay.

21    For example, for the week of November 1, 2016, PLAINTIFF had the following deductions taken

22    out of his pay:

23

24        • WIRE CHARGE:    $4.00
    • MAINT ACCT/MG:    $511.65
25        • FUEL IND CONT:    $1,029.05
    • ADVANCES:    $165.00
    • LEASE SALES TAX:    $76.85
26        • SATELLITE DED:    $9.00
    • ROAD USE TAX:    $10.58
27        • DR CART/TRLR US:    $25.00
    • FUEL TAX:    $100.00
28        • MAINT ACCT/VM:    $144.55

-11-

Exhibit A
12 of 102

- PHY DAM DEDUCT:    $34.62
- PHY DAM DEDUCT:    $69.51
- SAT MSG FEE:    $7.63
- LEASE PAYMENT:    $449.00

32.    Drivers in the PLAINTIFF CLASS like PLAINTIFF were/are also required to use their personal cell phones for work.  DEFENDANTS' managers would call drivers in the PLAINTIFF CLASS on their personal cell phones to discuss driving routes, deliveries, and other work related issues during their daily routes.  However, PLAINTIFF and members of the PLAINTIFF CLASS are not compensated for any expenses associated with using their cell phones for work.

33.    Overall, DEFENDANTS' violations of the law were willful and done according to DEFENDANTS' established policies and procedures, as applicable to PLAINTIFF and all members of the PLAINTIFF CLASS.

## **FIRST CAUSE OF ACTION**

MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTORS

(Cal. Lab. Code § 226.8)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

34.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 33.

35.    Throughout PLAINTIFF's employment with DEFENDANTS, DEFENDANTS had the right to control how PLAINTIFF and members of the PLAINTIFF CLASS performed their work.  DEFENDANTS tightly control the job duties of PLAINTIFF and members of the PLAINTIFF CLASS, such that DEFENDANTS and PLAINTIFF and members of the PLAINTIFF CLASS acted as if they had an employer-employee relationship.  PLAINTIFF and members of the PLAINTIFF CLASS are required: to use two-driver teams at all times and cannot drive alone, except under limited circumstances dictated by DEFENDANTS; to rent trucks and containers, as well as GPS units that must be furnished and installed, or rented weekly, so DEFENDANTS can track their movements; and to keep the trucks moving 24 hours a day.

-12-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

DEFENDANTS train PLAINTIFF and members of the PLAINTIFF CLASS on how to drive a sleeper berth in teams of two drivers; dictate that the exterior of trucks must be marked with DEFENDANTS' logo; require that drivers remove any paint, decals, or other items interfering with DEFENDANTS' identification. Moreover, PLAINTIFF and members of the PLAINTIFF CLASS cannot refuse driving assignments without severe consequences, including loss of other assignments or outright cancellation of the independent contractor agreement. DEFENDANTS also require that PLAINTIFF and members of the PLAINTIFF CLASS have their personal cell phone when drivers are not in their truck so that DEFENDANTS can always contact the drivers. DEFENDANTS monitor the deliveries and performance of PLAINTIFF and members of the PLAINTIFF CLASS for alleged "violations" of their policies, and penalties for these violations include loss of assignments, monetary penalties, and termination.

36.    PLAINTIFF is informed, believes, and, thereon, alleges, that the failure of DEFENDANTS to classify PLAINTIFF and members of the PLAINTIFF CLASS as independent contractors instead of as employees was willful, purposeful, and unlawful and done in accordance with the policies and practices of DEFENDANTS' operations.

37.    As a proximate cause of these violations, PLAINTIFF and members of the PLAINTIFF CLASS have been damaged in an amount according to proof at the time of trial, but in an amount in excess of the jurisdiction of this Court. PLAINTIFF and members of the PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code Sections 226, 226.8, and 558, interest, reasonable attorney fees, and costs of suit pursuant to California Labor Code Sections 218.5,1194, and 2699, et seq.

## SECOND CAUSE OF ACTION

FAILURE TO PAY MEAL AND REST PERIOD COMPENSATION

(Cal. Lab. Code §§ 226.7, 512)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

38.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the

-13-

1    allegations contained in paragraphs 1 to 37.

2          39.    Throughout PLAINTIFF's employment with DEFENDANTS, DEFENDANTS

3    failed to make available to PLAINTIFF and members of the PLAINTIFF CLASS uninterrupted,

4    work-free thirty (30) minute meal periods in accordance with the requirements of California law.

5    DEFENDANTS failed to provide a meal period or timely meal period for shifts in excess of five

6    (5) hours worked, failed to provide a second meal period for shifts in excess of ten (10) hours,

7    and failed to compensate employees for these missed or late meal periods, as required by law.

8          40.    Throughout PLAINTIFF's employment with DEFENDANTS, DEFENDANTS

9    failed to make available to PLAINTIFF and members of the PLAINTIFF CLASS any rest period

10   for shifts lasting four (4) hours or a major fraction thereof, as required by law, and failed to

11   compensate them for missed rest periods.

12         41.    PLAINTIFF is informed, believes, and, thereon, alleges, that the failure of

13   DEFENDANTS to make available meal and rest periods and to compensate PLAINTIFF and

14   members of the PLAINTIFF CLASS for these missed meal and rest periods was willful,

15   purposeful, and unlawful and done in accordance with the policies and practices of

16   DEFENDANTS' operations.

17         42.    As a proximate cause of these violations, PLAINTIFF and members of the

18   PLAINTIFF CLASS have been damaged in an amount according to proof at the time of trial, but

19   in an amount in excess of the jurisdiction of this Court.  PLAINTIFF and members of the

20   PLAINTIFF CLASS are entitled to recover the unpaid balance of wages owed, penalties,

21   including penalties available pursuant to California Labor Code Sections 226, 226.7, and 558,

22   interest, reasonable attorney fees, and costs of suit pursuant to California Labor Code Sections

23   218.5 and 1194, et seq.

24                          **THIRD CAUSE OF ACTION**

25      FAILURE TO PAY COMPENSATION FOR ALL HOURS WORKED AND MINIMUM

26                              WAGE VIOLATIONS

27                  (Cal. Lab. Code §§ 216, 1194, 1194.2, 1197, 1197.1)

28   By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly

                                    -14-
               CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    situated members of the PLAINTIFF CLASS against DEFENDANTS.

2        43.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the

3    allegations contained in paragraphs 1 to 42.

4        44.    PLAINTIFF brings this action to recover unpaid compensation for all hours

5    worked, defined by the IWC as the time during which an employee is subject to the control of an

6    employer, including all the time the employee suffers or is permitted to work, whether or not

7    required to do so.

8        45.    DEFENDANTS' conduct described in this Complaint violates California Labor

9    Code Sections 216, 1194, 1194.2, and 1197, among other things.

10        46.    DEFENDANTS failed to pay PLAINTIFF and members of the PLAINTIFF

11    CLASS for all of the actual hours worked even though PLAINTIFF and members of the

12    PLAINTIFF CLASS were providing services to DEFENDANTS and were under

13    DEFENDANTS' control.  DEFENDANTS knew or should have known that PLAINTIFF and

14    members of the PLAINTIFF CLASS were working these hours for which they were not paid.

15    The improper independent contractor classification has resulted in significant minimum wage

16    violations because PLAINTIFF and members of the PLAINTIFF CLASS are not fully

17    compensated under California law for the work they perform for DEFENDANTS.  Specifically,

18    because PLAINTIFF and members of the PLAINTIFF CLASS are paid on a piece-rate basis, they

19    are not compensated for non-piece rate work, including the time they spend conducting pre- and

20    post-trip inspections, waiting to load or unload the truck, the actual loading or unloading, fueling,

21    repairing and maintaining the truck, hooking or unhooking trailers, and preparing logbooks or

22    other paperwork.

23        47.    PLAINTIFF and members of the PLAINTIFF CLASS are entitled to recover the

24    unpaid balance of compensation DEFENDANTS owe PLAINTIFF and members of the

25    PLAINTIFF CLASS, plus interest on that amount, liquidated damages pursuant to California

26    Labor Code Section 1194.2, reasonable attorney fees, and costs of this suit pursuant to California

27    Labor Code Section 1194.

28        48.    PLAINTIFF and members of the PLAINTIFF CLASS are also entitled to

-15-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1    additional penalties and / or liquidated damages pursuant to statute.

2    **FOURTH CAUSE OF ACTION**

3    FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS

4    (Cal. Lab. Code §§ 226, 226.2)

5    By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly

6    situated members of the PLAINTIFF CLASS against DEFENDANTS.

7    49.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the

8    allegations contained in paragraphs 1 to 48.

9    50.    DEFENDANTS failed to provide PLAINTIFF and members of the PLAINTIFF

10    CLASS with accurate itemized statements for employees compensated on a piece-rate basis as

11    required by California Labor Code Sections 226 and 226.2. The wage statements do not show the

12    correct total hours worked, the correct gross pay earned, and the correct net wages earned, among

13    other deficiencies. The wage statements also do not show the total hours of compensable rest and

14    recovery periods, the rate of compensation, the correct gross wages earned, the total hours of

15    other nonproductive time, the rate of compensation, and the gross wages paid for that

16    nonproductive time.

17    51.    PLAINTIFF is informed, believes, and alleges that the failure of DEFENDANTS

18    to provide accurate itemized wage statements was knowing and intentional. PLAINTIFF and

19    members of the PLAINTIFF CLASS have suffered injury as a result of DEFENDANTS' actions

20    in this regard in that they must expend additional time and incur expenses that otherwise would

21    not have been expended or incurred in order to determine the amount of wages they are owed but

22    were never paid. As a result, PLAINTIFF and members of the PLAINTIFF CLASS are entitled

23    to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in

24    which a violation occurs and one hundred dollars ($100) per employee for each violation in a

25    subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and

26    are entitled to an award of costs and reasonable attorney fees.

27    / / /

28    / / /

-16-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**FIFTH CAUSE OF ACTION**

WAITING TIME PENALTIES

(Cal. Lab. Code § 203)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

52.     PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 51.

53.     Pursuant to California Labor Code Section 201, if an employer discharges an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately.  Pursuant to California Labor Code Section 202, if an employee quits his or her employment, the wages earned and unpaid at the time of the discharge are due and payable within seventy-two (72) hours of resignation.

54.     PLAINTIFF and members of the PLAINTIFF CLASS were either terminated by DEFENDANTS or have resigned from their employment with DEFENDANTS.  To this day, PLAINTIFF and members of the PLAINTIFF CLASS have not received all of the wages and other compensation they rightfully earned.

55.     DEFENDANTS, and each of them, willfully refused and continue to refuse to pay PLAINTIFF and members of the PLAINTIFF CLASS all wages earned in a timely manner, as required by California Labor Code Section 203.  PLAINTIFF therefore requests restitution and penalties pursuant to California Labor Code Section 203.

**SIXTH CAUSE OF ACTION**

FAILURE TO PAY ALL WAGES BY THE APPROPRIATE PAY PERIOD

(Cal. Lab. Code § 204)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

56.     PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 55.

57.     During the Class Period, Labor Code Section 204 applied to DEFENDANTS'

-17-

1    employment of PLAINTIFF and members of the PLAINTIFF CLASS.  At all relevant times,

2    California Labor Code Section 204 provided that all wages earned by any employee, such as

3    PLAINTIFF and members of the PLAINTIFF CLASS, in any employment between the first (1st)

4    and fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon

5    termination of an employee, are due and payable between the sixteenth (16th) and twenty-sixth

6    (26th) day of the month during which the work was performed.  Furthermore, at all relevant times,

7    California Labor Code Section 204 provided that all wages earned by any employee, such as

8    PLAINTIFF and any member of the PLAINTIFF CLASS, in any employment between the

9    sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due

10   upon termination of an employee, are due and payable between the first (1st) and tenth (10th) day

11   of the following month.

12       58.    During the Class Period, DEFENDANTS failed to pay PLAINTIFF and members

13   of the PLAINTIFF CLASS wages for all hours worked.

14       59.    During the Class Period, DEFENDANTS failed to pay PLAINTIFF and members

15   of the PLAINTIFF CLASS for all wages earned, and, therefore, violating California Labor Code

16   Section 204.  Accordingly, PLAINTIFF and members of the PLAINTIFF CLASS are entitled to

17   recover all damages, penalties, and other remedies available for violation of California Labor

18   Code Section 204.

19                              **SEVENTH CAUSE OF ACTION**

20                        FAILURE TO REIMBURSE BUSINESS EXPENSES

21                              (Cal. Lab. Code § 2802)

22   By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly

23        situated members of the PLAINTIFF CLASS against DEFENDANTS.

24       60.    PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the

25   allegations contained in paragraphs 1 to 59.

26       61.    During the Class Period, Labor Code Section 2802 applied to DEFENDANTS'

27   employment of PLAINTIFF and members of the PLAINTIFF CLASS.  At all relevant times,

28   California Labor Code Section 2802 required employers to indemnify employees for all expenses

                                    -18-

1    that the employees necessarily expend as a direct result of the discharge of their employment

2    duties or at the direction of the employer.

3         62.     During the Class Period, PLAINTIFF and members of the PLAINTIFF CLASS

4    were required to pay for such expenses incurred during the performance of drivers' job duties, and

5    DEFENDANTS unlawfully deducts hundreds to thousands of dollars from the pay of

6    PLAINTIFF and members of the PLAINTIFF CLASS. Such business-related expenses included

7    expenses associated with renting a truck, renting a GPS unit, GPS messaging fee, maintenance of

8    the trucks, mileage, and gas. DEFENDANTS failed to pay PLAINTIFF and members of the

9    PLAINTIFF CLASS for these expenditures.

10        63.     During the Class Period, PLAINTIFF and PLAINTIFF CLASS were required to

11    use their personal cell phones for work. DEFENDANT's managers and supervisors call

12    PLAINTIFF and PLAINTIFF CLASS on their personal cell phones to contact them regarding

13    driving routes and other work related issues during the drivers' daily routes. DEFENDANTS

14    failed to pay PLAINTIFF and members of the PLAINTIFF CLASS for these expenditures.

15        64.     During the Class Period, DEFENDANTS failed to pay PLAINTIFF and members

16    of the PLAINTIFF CLASS for all expenditures that employees necessarily expended as a result

17    of their employment, and, therefore, violating California Labor Code Section 2802. Accordingly,

18    PLAINTIFF and members of the PLAINTIFF CLASS are entitled to recover all damages,

19    penalties, all reasonable costs, including attorney's fees incurred, and other remedies available for

20    violation of California Labor Code Section 2802.

21                             **EIGHTH CAUSE OF ACTION**

22                         PRIVATE ATTORNEYS GENERAL ACT

23    (Cal. Lab. Code §§ 201-203, 204, 210, 216, 225.5, 226, 226.3, 512, 558, 1174, 1174.5, 1194,

24                     1197, 1197.1, 1199, 2699, <u>et seq.</u>)

25    By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly

26         situated members of the PLAINTIFF CLASS against DEFENDANTS.

27        65.     PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the

28    allegations contained in paragraphs 1 to 64.

1    66.    PLAINTIFF, individually and on behalf of both the PLAINTIFF CLASS and the

2    general public, alleges that on or about January 24, 2017, he provided written notice to the Labor

3    and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific violations

4    of the California Labor Code that DEFENDANTS have violated and continue to violate.

5    67.    The LWDA did not respond to PLAINTIFF within 65 days of receiving

6    PLAINTIFF's notice.

7    68.    Pursuant to California Labor Code Section 2699.3(a)(2)(A), PLAINTIFF  has

8    exhausted all administrative procedures required of him under California Labor Code Sections

9    2698, 2699, and 2699.3.  As a result, PLAINTIFF is justified as a matter of right in bringing

10   forward this cause of action.

11   69.    As a result of all of these alleged acts, PLAINTIFF seeks penalties under

12   California Labor Code Sections 2698 and 2699 because of DEFENDANTS' violations of

13   numerous provisions of the California Labor Code.

14   70.    Pursuant to California Labor Code Section 2699, PLAINTIFF should be awarded

15   twenty-five percent (25%) of all penalties due under California Law, including attorney fees and

16   costs.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

-20-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

**NINTH CAUSE OF ACTION**

UNFAIR BUSINESS PRACTICES

(Cal. Bus. & Prof. Code § 17200, <u>et seq.</u>)

By PLAINTIFF in his individual capacity and in his capacity as representative of all similarly situated members of the PLAINTIFF CLASS against DEFENDANTS.

71.     PLAINTIFF realleges and incorporates, by reference, as though fully set forth, the allegations contained in paragraphs 1 to 70.

72.     DEFENDANTS' violations of the employment laws and regulations, as alleged in this Complaint, include, among other things, DEFENDANTS': (1) misclassification of employees as independent contractors; (2) failure and refusal to provide legally compliant meal and rest periods or compensation in lieu hereof; and (3) failure and refusal to pay the minimum wage for all hours worked.  The aforementioned violations constitute unfair business practices in violation of the Unfair Competition Law, codified in California Business and Professions Code Section 17200, <u>et seq.</u>

73.     As a result of DEFENDANTS' unfair business practices, DEFENDANTS have reaped unfair benefits and illegal profits at the expense of PLAINTIFF, members of the PLAINTIFF CLASS, and members of the general public.  DEFENDANTS should be compelled to restore such monies to PLAINTIFF and members of the PLAINTIFF CLASS.

**PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF prays for relief as follows:

1.     That the Court determines Causes of Action 1-7 and 9 may be maintained as a class action and for Cause of Action 8 to be maintained as a representative action;

2.     For payment of all wages owed to PLAINTIFF and the PLAINTIFF CLASS, including, but not limited to, all minimum wage pay;

3.     For restitution of all wages, including minimum wage pay, due to PLAINTIFF and PLAINTIFF CLASS from the unlawful business practices;

4.     For waiting time penalties pursuant to California Labor Code § 203;

5.     For reimbursement and indemnification for business expenses pursuant to

-21-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

California Labor Code § 2802;

6.  For all statutory and civil penalties recoverable by law, including those available under California Labor Code §§ 226, 2698, et seq.;

7.  For interest accrued to date;

8.  For costs of the suit incurred;

9.  For attorney fees and costs pursuant to California Labor Code §§ 218.5, 226, 1021.5, 1194, 2699, et seq., 2802, and all other applicable laws; and

10. For such other and further relief that the Court may deem just and proper.

DATED:  April 3, 2017         ALEXANDER, KRAKOW + GLICK LLP
                              HURWITZ, ORIHUELA & HAYES, LLP


                              _____
                              MICHAEL S. MORRISON
                              JESSICA S. CHOI
                              Attorneys for Plaintiff JESUS PEREZ
                              individually, on behalf of all others similarly situated, and
                              the general public

-22-

CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

1

**DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial by jury.

3

4    DATED:   April 3, 2017       ALEXANDER, KRAKOW + GLICK LLP
                                    HURWITZ, ORIHUELA & HAYES, LLP

5

6

7                               MICHAEL S. MORRISON
                              JESSICA S. CHOI

8                               Attorneys for Plaintiff JESUS PEREZ
                              individually, on behalf of all others similarly situated, and

9                               the general public

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-
CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Michael S. Morrison (State Bar No. 205320) & Jessica Choi (State Bar No. 312796)<br>ALEXANDER KRAKOW + GLICK LLP<br>401 Wilshire Boulevard, Suite 1000<br>Santa Monica, California 90401<br>TELEPHONE NO.: (310) 394-0888    FAX NO.: (310) 394-0811<br>ATTORNEY FOR *(Name)*: Plaintiff Jesus Perez | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Jesus Perez v. CRST International, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RIC 1705858<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 9– Violation of Labor Codes §226.8;226.7;226.2;203;204;2802;2698;etc.
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2017
Michael Morrison
_____
(TYPE OR PRINT NAME)                    ▶    *[signature]*    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A
25 of 102

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
      or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

Exhibit A
26 of 102

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Michael S. Morrison (State Bar No. 205320)
Jessica Choi (State Bar No. 312796)
ALEXANDER KRAKOW + GLICK LLP
401 Wilshire Boulevard, Suite 1000, Santa Monica, California 90401

TELEPHONE NO: (310) 394-0888    FAX NO. *(Optional)*: (310) 394-0811
E-MAIL ADDRESS *(Optional)*: mmorrsion@akgllp.com
ATTORNEY FOR *(Name)*: Plaintiff Jesus Perez

PLAINTIFF/PETITIONER: Jesus Perez

DEFENDANT/RESPONDENT: CRST International, Inc., et al.

*FOR COURT USE ONLY*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 05 2017

B. Ellico-Mestas

CASE NUMBER: RIC **1705858**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92509

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 3, 2017

Michael Morrison
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

Page 1 of 1

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

CERTIFICATE OF COUNSEL

Local Rule 1.0015
riverside.courts.ca.gov/localfrms/localfrms.shtml

Exhibit A
27 of 102

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| CASE TITLE: Perez v. CRST International, Inc. | Department 5 | F I L E D |
|---|---|---|
| CASE NO.:    RIC1705858 | | SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE |
| DATE:         April 5, 2017 | | APR 06 2017 |
| PROCEEDING:  Class Action Case Management Order #1 | | S. Salazar |

Unless and until ordered otherwise, this Case Management Order (CMO) shall govern the management of this case.

A.    CASE MANAGEMENT

1.    The Court finds that this is a complex case.  (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).)  The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference or status conference.

2.    This case has been assigned to Department 5 for all purposes, including case management, law and motion, and trial.

3.    The plaintiff shall serve a copy of this CMO on any defendants who have not yet appeared, and shall file proof of service promptly thereafter.

4.    Any party who has appeared in the action at the time this CMO is entered has 15 days from the service of the CMO in which to object to the CMO.  Any party appearing after the entry of the CMO shall have 15 days from that initial appearance in which to object to the CMO.  Any such objections shall be in writing and shall be presented to the Court in the form of a noticed motion to amend the CMO. Any party that fails to file such a motion within those 15 days forfeits its objections to the CMO.

5.    If the Court issues an order to show cause why the Court should not take some specified action:

    a.    The party to whom the OSC is directed shall respond with a written declaration filed five days before the hearing on the OSC.  (Cal. Rules of Court, rule 3.110(i); RSC Local Rule 3116.) The Court may deem the failure to file a timely declaration, by itself, to constitute an admission by the responding party that good cause to avoid the threatened sanction or other action does not exist. (RSC Local Rule 3116.)

    b.    If the order to show cause threatens the imposition of monetary or other sanctions for the violation of a court order or rule, then counsel for the party to whom the OSC is directed must not only file a timely declaration, but must also personally appear in court at the date set for the return of the OSC.  (Cal. Rules of Court, rule 3.670(e)(2)(A).)

Page 1 of 15

APR 14 2017

6.   Not later than five court days in advance of the first Case Management Conference after all parties have appeared, the parties shall file the joint statement required by RSC Local Rule 3160 instead of Judicial Council form CM-110 [case management statement]. In addition to the items listed in that rule, the statement shall advise the Court whether any of the parties or their counsel are aware of any other class action, putative class action, or other type of representative or collective action in this or any other jurisdiction that asserts claims similar to those here on behalf of a class, putative class, or other group of individuals that in any way overlaps with the putative class alleged here.

7.   Not later than five court days before any subsequent Case Management Conference or status conference, the parties shall file a joint statement that:

   a.   Describes the status of the case, including the parties' discovery plan, the degree to which that plan has been implemented, and mediation efforts; and

   b.   Identifies any issues or concerns that either party wishes to discuss with the Court.

8.   Because the Court intends to conduct portions of the Case Management Conference and status conferences informally, in chambers, the lead counsel shall personally appear. Appearance via Court Call is not permitted.


B.   SERVICE AND RESPONSIVE PLEADINGS

1.   All defendants named at the time of the filing of this CMO shall be served, and proofs of service filed, prior to the case management conference.

2.   Any defendant named after the filing of this CMO shall be served, and proof of service shall be filed, within 60 days of the filing of the pleading, amendment, or amended pleading naming that defendant. (Modifying Cal. Rules of Court, rule 3.110(b).)

3.   The power of the plaintiff to grant extensions of time in which to file responsive pleadings is subject to the limits in California Rules of Court, rule 3.110(d), except that the maximum extension by counsel is extended to 30 days.

4.   If a defendant fails to file an answer or any other responsive pleading within 30 days of service, or within any extension granted by the plaintiff or the Court, the plaintiff must request entry of default not later than 30 days after the time for service of the responsive pleading has elapsed. (Modifying Cal. Rules of Court, rule 3.110(g).)

5.   The plaintiff shall serve a copy of this CMO simultaneously with any summons and complaint served after the date of entry of this order.

6.   The Court should not be asked to evaluate the sufficiency of a pleading until the pleader has stated his or her case or defense as strongly as possible. Therefore, if a party is considering either an amendment of a pleading or a challenge to an opponent's pleading:

   a.   The parties shall strictly comply with Code of Civil Procedure section 430.41, which requires that parties meet and confer before any demurrer is filed. Similarly, before filing any other challenge to an opponent's pleading, such as a motion to

Page 2 of 15

strike or a motion for judgment on the pleadings, the parties shall meet and confer to determine whether the challenge is arguably meritorious and, if so, whether the parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect.

b.  Any party who believes that his or her pleading needs to be amended shall meet and confer with the opposing party to discuss whether the amendment is arguably necessary and whether the opposing party will stipulate to the filing of the amended pleading. Consent to such an amendment shall not be unreasonably withheld.

c.  The parties "shall meet and confer in person or by telephone" (§ 430.41, subd. (a)) to discuss any arguable defects in the pleadings, and whether those potential defects can be resolved or diminished by amendment. Merely sending a letter or email to opposing counsel does not constitute a meeting, and thus does not comply with this order. Counsel for the moving or demurring party must follow up on any such written communication with an oral request either by telephone or in person.

d.  Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts and establishing that such a stipulation to amend was sought without success.

e.  In the absence of evidence of such an effort to meet and confer, the Court may overrule the demurrer, deny the motion, or continue the hearing until such an effort has been made.

## C.  REQUESTS FOR DISMISSAL OF CLASS CLAIMS

If the plaintiff seeks to dismiss the entire action, to dismiss any defendant from the action, or to dismiss or otherwise abandon the class allegations in the action:

1.  Because any such dismissal requires court approval, the plaintiff shall not use the preprinted Request for Dismissal, Judicial Council form CIV-110. Instead, the request shall be made by the submission to the court of (a) a declaration from plaintiff's counsel, (b) a declaration from each named plaintiff, and (c) a proposed order of dismissal.  .

2.  The declarations must comply with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of the requirement is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

3.  Because the Court must also decide whether notice should be given to actual or potential class members (Cal. Rules of Court, rule 3.770(c)), the declarations shall also state (a) whether either the plaintiff or plaintiff's counsel has ever informed any of the potential class members – whether formally or informally, orally or in writing, individually or as a group – of the preparation, filing, or pendency of the action, and (b) if so, the nature and extent of that information, and whether the declarant knows the name and mailing address of the potential class member or members to whom that information was communicated.

4.  Any request shall explain why the putative class members will not be prejudiced by the requested dismissal.

5.  If the dismissal is in exchange for any consideration, the application shall explain each of the following:

    a.  What is the form and value of the consideration, and to whom is it to be paid?

    b.  If the consideration is in the form of one or more monetary payments, how were the payments calculated?

    c.  How is the retention of that consideration either by the plaintiff or the plaintiff's attorney consistent with their respective fiduciary duties to the class?

    d.  If the plaintiff is to give a release in addition to a dismissal, what is the scope of that release?

D.  <u>DISCOVERY</u>

1.  Counsel are encouraged to engage in informal discovery rather than relying on formal discovery. The Court does not stay or otherwise limit informal discovery.

2.  All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) is stayed until a motion regarding class certification has been filed and decided.

3.  Unless the parties agree otherwise, all formal discovery concerning class-certification issues is stayed pending further order of the court.

4.  Requests for leave to propound formal discovery concerning class-certification issues may be made either by submitting a declaration and proposed order or by making an oral request at status conferences or informal conferences with the Court, in accordance with paragraph 5 below. The Court will grant such a request if the applicant demonstrates:

    a.  That the parties have met and conferred to discuss both (i) the scope and sources of the information needed to support or oppose a class-certification motion and (ii) whether the parties would agree to exchange that information informally;

    b.  That the parties were unable to reach an agreement; and

    c.  The discovery is reasonably necessary either (i) to permit a meaningful mediation or (ii) to make or oppose a certification motion.

5.  No discovery motions may be filed without leave of court. If a discovery dispute arises:

    a.  The parties shall meet and confer either in person or by telephone in a good-faith effort to resolve the dispute. If, despite that effort, the parties are unable to resolve the dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if

not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion.

b.    The conference may be conducted by telephone or in person, as counsel prefer. Prior to the conference, the party seeking relief shall provide the clerk of this department with a brief (two-to-three sentence) description in writing of the reason for the conference. If the conference is to be by telephone, counsel shall also provide the clerk with the call-in telephone number and passcode.

c.    If the opposing side will not agree to participate in the informal conference, then the moving party shall bring an ex parte application for leave to file a discovery motion.

## E.   MEDIATION AND CLASS CERTIFICATION

1. The court expects the parties to engage in private mediation at the earliest practicable time, i.e., as soon as all parties have obtained, through informal means, sufficient information from the opposing party(s) to enable them to engage in meaningful mediation.

2. No motion for class certification or to deny class certification shall be filed without leave of court. Before leave to file such a motion is requested, the Court expects the parties to have exhausted efforts to mediate a resolution of the case.

## F.   MOTIONS & APPLICATIONS GENERALLY

1. A party making an ex parte application must, inter alia, "[a]ttempt to determine whether the opposing party will appear to oppose the application." (Cal. Rules of Court, rule 3.1204(a)(2).) That attempt shall be made by telephone. Written notice asking the opposing party to inform the moving party of the opposing party's intentions is not sufficient.

2. A party desiring an order shortening time for notice of a motion shall not bring an ex parte application for such an order until that party has first (a) reserved the earliest available hearing date for the motion and (b) filed the motion. The Court will not deem the ex parte application as constituting the motion to be heard.

3. Any request for relief from a forfeiture of the right to a jury trial must be brought in the form of a noticed motion to be heard not later than the Trial Readiness Conference, or if no TRC is set, then not later than 21 days before the date first set for trial.

4. Any party who obtains an order as a result of any motion, application, stipulation or recommendation filed by that party shall promptly (a) serve a copy of that order on all parties and (b) file a proof of that service with the Court.

5. Any motion or application for relief shall describe any prior motion or application in this case for the same or similar relief, including the name of the party who brought the prior motion or application, the date of the ruling on that motion or application, and the nature of that ruling.

6.   Any request for relief such as the continuance of a hearing, of a case management conference, or of a status conference must be (a) labelled as being a request for such relief, (b) supported by a declaration or stipulation establishing the facts that demonstrate good cause for that relief, and (c) accompanied by a proposed order.

7.   If the court is asked to take judicial notice of some document already filed with the Riverside Superior Court to support or oppose some motion or application, the request shall state (a) the name and case number of the case in which the document is filed, (b) the full name of the document, and (c) the date on which the document was filed.  (Cal. Rules of Court, rule 3.1306(c)(1).)  A second copy of the document shall not be attached to the request.

8.   Counsel shall not lodge copies of out-of-state authorities to which they have cited unless that authority is not available on Lexis and Westlaw.


G.   MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENT

If the matter is settled and a motion for preliminary approval of the settlement is filed:

In General

1.   The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

   a.   Sets forth the attorney's estimate of the number of individuals in the class.

   b.   Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded if the action were successful at trial on all of its claims.

   c.   Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks.

   d.   Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved.  If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

   e.   States (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of the plaintiff and of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

f.   States whether there is a fee-splitting agreement between plaintiff's counsel and any
other attorney or law firm. If so, the declaration shall identify the other attorney or
law firm, shall describe the terms of that agreement, and shall state whether the
named plaintiff has approved that agreement in writing.

2.   The motion shall be supported by a declaration from the defendant's attorney that states (a)
whether the attorney is aware of any class, representative or other collective action in any
other court in this or any other jurisdiction that asserts claims similar to those asserted in
this action on behalf of a class or group of individuals who would also be members of the
class defined in this action and, if so, (b) the name and case number of any such case, the
nature of the claims asserted, the definition of the class or other parties on whose behalf
the action is brought, and the procedural status of that case. Before making that
declaration, the attorney shall make reasonable inquiry of the defendant and of other
members of the attorney's law firm and any associated law firm to determine whether the
defendant or those individuals are aware of any such similar actions.

3.   If the settlement provides that any unclaimed or otherwise unpaid residue of the settlement
proceeds are to be distributed to a proposed *cy pres* recipient:

a.   The motion shall explain why a *cy pres* recipient is reasonably necessary.

b.   The motion shall describe any relationship between the proposed *cy pres* recipient
and (i) any class representative or other party, (ii) any officer, director, or manager
of any party, or (iii) any attorney or lawfirm for any party.

c.   The motion shall be supported by a declaration from a knowledgeable person from
the proposed *cy pres* recipient establishing that the recipient is either (i) a nonprofit
organization or foundation that supports projects that will benefit the class or
similarly situated persons, or that promotes the law consistent with the objectives
and purposes of the underlying cause of action, (ii) a child advocacy program, or
(iii) a nonprofit organizations providing civil legal services to the indigent. (See
Code Civ. Proc., § 384, subd. (b).) In particular, that declaration shall describe the
history of the recipient, the types of projects that it has conducted or supported over
the last five years, and any particular use to which it would intend to devote the
unpaid residue if received.

d.   In the Court's view, Code of Civil Procedure section 384, subdivision (b), lists the
possible recipients of unpaid residue in a descending order of preference. If the *cy
pres* recipient proposed by the parties is one involved in child advocacy or that
provides civil legal services to the indigent, the motion shall include a declaration
explaining why the parties did not propose an organization that will either "benefit
the class or similarly situated persons, or . . . promote the law consistent with the
objectives and purposes of the underlying cause of action."

4.   If notice is not to be given by first class mail, the motion shall discuss the proposed method
of giving notice, the alternative methods considered, and the reasons that the proposed
method is the one most likely to give actual notice to the greatest number of class

members. If the identities of the class members are not known, the parties shall consider publication of notice in print, on the web, and through social media.

5.  If the settlement requires any of the class members to submit claims:

    a.  The motion shall explain why a claim process is reasonably necessary. If the defendant knows (i) the identity of the class members, (ii) their addresses or former addresses, and (iii) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

    b.  The motion shall explain the anticipated claims rate, and the basis for that prediction.

6.  Any release to be given by the participating class members (other than the class representatives) shall be limited to:

    a.  The defendants named in the complaint, together with their officers, directors, employees and agents. If any other parties are sought to be released, the motion shall both (i) identify those other parties by name and (ii) explain the facts that justify their inclusion.

    b.  The claims stated in the complaint and those based on the facts alleged in the complaint.

7.  If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by a declaration describing the administrator's competence, the fee to be charged by the administrator, and whether that fee is (a) fixed, (b) hourly, or (c) hourly with a cap. If the fee is fixed, the declaration shall explain how the price was calculated.

8.  The settlement agreement shall describe how the value of any uncashed checks will be distributed.

9.  If the settlement includes compensation for unpaid wages, the settlement agreement shall describe how the employer's share of any applicable payroll taxes will be handled. The Court suggests that the employer's share not be paid out of the gross settlement fund. The Court is not likely to include the amount of those payments when calculating the plaintiff's counsel's percentage attorney's fee.

10. The settlement agreement shall not include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

11. The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form, and any claim form – shall be drafted in a manner that is likely to be readily understood by the members of the class. To assist the Court in determining whether those documents comply with that directive, the motion shall be

supported by a declaration on personal knowledge concerning the likely age, education, and experience of the class members, and of their ability to read and comprehend English.

The Order

12. The motion shall be accompanied by a separate proposed order which shall include, as attachments to the order, the proposed notice (Cal. Rules of Court, rule 3.769(e)), proposed exclusion form, proposed objection form, and any proposed claim form. The Court is likely to modify those proposed forms. Therefore, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement. The settlement agreement must be filed, but should not also be attached to the proposed order.

13. Counsel shall carefully review both the terms and the terminology of the proposed order and accompanying forms (proposed notice, objection form, exclusion form, and any claim form) to confirm that the various documents are consistent with each other and with the settlement agreement.

14. The proposed order shall state the name of any settlement administrator, and shall describe the nature of the services that the administrator will be required to perform, either directly or by reference to the settlement agreement.

15. The proposed order shall provide that the notice shall be accompanied by an exclusion (or "election not to participate") form that the class members may use. The order shall provide that any exclusion form shall be submitted to the settlement administrator. The order shall not require the class member to send copies of the exclusion form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every such exclusion form received by the administrator.

16. The proposed order shall provide that the notice shall be accompanied by an objection form that the class members may use. The order shall provide that any objection shall be submitted to the settlement administrator. The order shall not require the class member to send copies of the objection form to counsel, but may require the settlement administrator to do so. The order shall provide that the settlement administrator shall file a declaration concurrently with the filing of any motion for final approval, authenticating a copy of every such objection.

17. The proposed order shall not require an objecting party to do either of the following:

    a. To appear, either personally or through counsel, at the hearing on the motion for final approval for that party's objection to be considered.

    b. To file or serve a notice of intention to appear at the hearing on the motion for final approval.

18. The order shall require that either counsel or the administrator give notice to any objecting party of any continuance of the hearing of the motion for final approval.

19.    If the proposed order includes a provision enjoining the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period, the motion shall include citations to authority for the issuance of such an injunction without notice to or opportunity to be heard by the individuals to be enjoined.

20.    If notice is to be given by mail, and if the class members will be required to submit a claim form, the order shall provide:

   a.    That the notice be accompanied by a stamped envelope addressed to the claims administrator; and

   b.    That the claims administrator be required to send a reminder notice to every class member from whom no claim or exclusion request is received within 30 days of mailing the notice.

Notice

21.    Unless the notice describes the approximate recovery by the individual class member to whom the notice is sent, the notice shall include an estimate of the likely recovery by the average class member.  If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

22.    To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice shall clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

23.    The notice shall advise the class members of where they can find the settlement agreement, by describing (a) the full title and filing date either of the settlement agreement or of the declaration or other document to which the agreement was attached when filed with the Court, (b) the address of the courthouse to which the case is assigned, and (c) the address of the court's website at which the case file can be viewed on-line.

Claim Form

24.    The information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to process the claim.

Objection Form

25.    The objection form shall (a) instruct the objecting class member that the objection must be mailed to the settlement administrator, (b) state the name and address of the settlement administrator, and (c) state the date by which the objection must be mailed.

26.    The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (a) identify the objector as a person entitled to object to the settlement and (b) to describe the nature of the objection.

27.    If a claim must be submitted to participate in the settlement, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

Exclusion Form

28.    The exclusion form shall (a) instruct the class member seeking exclusion that the exclusion form must be mailed to the settlement administrator, (b) state the name and address of the settlement administrator, and (c) state the date by which the exclusion form must be mailed.

PAGA Penalties

29.    If the action includes a claim for statutory penalties under the Labor Code Private Attorney General Act of 2004 ("PAGA"), the motion shall explain the terms of any settlement of that claim.

30.    If the settlement provides for the payment of penalties under PAGA, the motion shall be accompanied by a declaration describing how the penalties were calculated and otherwise establishing facts sufficient to allow the Court to review and approve those penalties as required by Labor Code section 2699, subdivision (*l*).  In particular, the declaration shall explain:

a.    The nature of the alleged violations.

b.    The number of alleged individual violations, including both the length of the relevant employment period and the number of employees allegedly employed during that period.

c.    The total amount of penalties for which the defendant is potentially liable were those allegations to be proven.

31.    If the agreed-upon amount of PAGA penalties is less than the statutory maximum, the declaration shall explain why greater penalties would be unjust, arbitrary and oppressive, or confiscatory.  (Lab. Code, § 2699, subd. (e)(2); *Amaral vs. Cintax Corp. No. 2* (2008) 163 Cal.App.4[th] 1157, 1213-1214.)  In particular, the declaration shall explain:

a.    The extent to which the alleged violations would be likely to be found true at trial, considering the weight of the evidence, the clarity of the applicable law, and the strength of any factual or legal defense likely to be asserted by the defendant.

b.    The nature and extent of the discovery or other investigation undertaken by the plaintiff to estimate the likelihood of proving those allegations at trial.

c.    The likelihood that any violations would be proven to have been knowing and intentional.

d.    The total amount of penalties for which the defendant would be likely to be found liable at trial.

e.    Any facts that tend to suggest that the imposition of the total amount of statutory penalties for which the defendant would be likely to be found liable at trial would be unjust, arbitrary and oppressive, or confiscatory.

f.    How the amount of the agreed-upon penalties was calculated or otherwise arrived at.

g.    Whether the parties utilized the services of any neutral party to mediate this dispute.

h.    Any other factors that are material to a determination that the amount of the agreed-upon penalties is fair.

Revised Documents

32.    If the Court either denies the motion or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order, or other document in support of either that motion or a renewed motion, the plaintiff shall submit directly to the clerk of Department 5 a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.


H.    MOTIONS FOR FINAL APPROVAL OF A SETTLEMENT

If the matter is settled and a motion for final approval of the settlement is filed:

1.    The order granting preliminary approval will set the date for the hearing on the plaintiff's motion for final approval. Promptly after the entry of that order, the plaintiff shall reserve a law and motion hearing on the date set in the order.

2.    Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant:

a.    Describes the services performed by the declarant to further the prosecution of the action;

b.    Estimates the time incurred by the declarant in performing those services;

c.    Describes any risks assumed by the declarant in prosecuting the action;

d.    Describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action;

e.    Describes any benefits received by the declarant as a result of prosecuting the action;

f.    Describes the nature and amount of any expenses incurred by the declarant to further the prosecution of this action; and

g.    Identifies any other case, pending or closed, in which the declarant is or was the named class representative.


Page 12 of 15

3.   Any request for compensation for the services of any settlement administrator shall be supported by a declaration from the administrator describing (a) the services performed, (b) the time incurred to perform those services, and (c) either the hourly rate charged for those services or the agreed-upon flat fee.

4.   Any request for compensation for attorney's fees in a case that does not result in the creation of a common fund shall be supported by a lodestar analysis. Any request for an attorney-fee award measured as a percentage of a common fund shall be supported by a lodestar analysis as a cross-check for the reasonableness of such a percentage award. Therefore, plaintiff's counsel should maintain contemporaneous time records for this case from this date forward, in time increments of no more than a tenth of an hour. In either case, the lodestar analysis shall be supported by a declaration that:

   a.   Authenticates copies of the time records maintained by the plaintiff's attorneys for the services performed in this case. If no time records were maintained, then the declaration shall state that fact, and shall (i) explain why no such records were kept, (ii) state the date on which legal services were provided, (iii) describe in detail the nature of those services, (iv) estimate the time incurred in performing those services, and (v) describe the basis for that estimate.

   b.   Describes both (i) the hourly rate or rates customarily charged by each attorney for that attorney's time during the period in which those services were performed, and (ii) the attorney's experience and expertise that justify such a rate. The declaration shall state whether the attorney has clients that pay that rate, and if so, the percentage of the attorney's clients that do so. If the attorney works exclusively on a contingency basis, the declaration shall explain the basis for the hourly rate assigned to that attorney's work.

5.   Any request for compensation for expenses incurred by the plaintiff's attorneys shall be supported by a detailed declaration or other evidence describing the date, nature, and amount of each expense incurred. In particular:

   a.   Any travel expenses shall identify the mode of travel (e.g., by car, taxi, airplane, etc.), the starting point, the destination, and the number of persons making the trip.

   b.   Any expenses for overnight accommodations shall explain the necessity for staying overnight and the number of persons doing so.

6.   The motion shall be accompanied by a declaration from the settlement administrator. The declaration shall describe both (a) the administrator's distribution of the notice, objection form, exclusion form, and any claim form, and (b) the results thereof. In addition, the declaration shall attach and authenticate (a) a copy of the final version of the notice, (b) a copy of every objection form received, and (c) a copy of every exclusion form received. If the reasons stated on any objection form are in a language other than English, the administrator shall include a translation into English.

7.    If the settlement includes compensation for unpaid wages, and if the employer's share of the payroll taxes is to be paid out of the settlement funds, the motion shall be supported by a declaration estimating the amount of those taxes.

8.    Because it would potentially expose the class members to a contempt charge, the judgment shall not bar or otherwise enjoin the class members from prosecuting the released claims. Nor shall the judgment include a provision that the class members shall be deemed to have agreed not to sue on any released claims, or any other provision that may expose the class members to potential liability for either breach of contract or misrepresentation.

9.    Neither the proposed order nor the proposed judgment shall provide for the dismissal of the action.  (Cal. Rules of Court, rule 3.769(h).)

10.   The order granting the motion for final approval shall set a deadline for the filing of a report concerning "the total amount that was actually paid to the class members." (Code Civ. Proc., § 384, subd. (b).)

11.   Any report pursuant to Code of Civil Procedure section 384, subdivision (b), shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts.  If there is an unpaid residue, the report shall be accompanied by a proposed amended judgment directing how that residue is to be distributed.

12.   If the Court either denies the motion for final approval or continues the hearing on the motion, and if the plaintiff thereafter files any amended stipulation, proposed order or judgment, or other document in support of either that motion or a renewed motion, the plaintiff shall submit directly to the clerk of this department a declaration authenticating a "red-lined" version of the amended document, showing how the earlier version was modified.


I.    <u>FAILURE TO COMPLY</u>

1.    If it appears that any attorney or party has violated any provision of this order, the Court may issue an order to show cause why monetary sanctions should not be imposed upon that attorney or party in an amount not to exceed $1,500.  (Code Civ. Proc., § 177.5; Cal. Rules of Court, rule 2.30(b).)

2.    If the plaintiff's counsel fails to comply with the provisions of this order concerning motions for preliminary approval or final approval of a proposed settlement, with the result that final approval of the settlement is unnecessarily delayed, then the Court may reduce the attorney's-fee award to plaintiff's counsel to compensate the class members for the interest lost during the delay and to deny compensation to the attorney for that deficiency in the attorney's services.


Page 14 of 15

J.     <u>OTHER</u>

___  The Case Management Conference currently scheduled for ___, 2017, is continued to ___, 2017, at 10:30 A.M.

___  The status conference currently set for ___, 2017, is vacated.

___  This CMO #2 entirely supersedes CMO #1, filed ___.


_____
Craig G. Riemer, Judge of the Superior Court


Page 15 of 15

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

JESUS PEREZ

vs.                              CASE NO. RIC1705858

CRST INTERNATIONAL INC

TO:  ALEXANDER KRAKOW + GLICK LLP
     401 WILSHIRE BLVD
     SUITE 1000
     SANTA MONICA CA 90401

I certify that I am currently employed by the Superior Court of California, County of Riverside and I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the attached Judge Craig G. Riemer on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Dated: 04/06/17              by: _____
                                 SUSAN M SALAZAR, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

PEREZ VS CRST INERNATION

CASE NO. RIC1705858

This case is assigned to the Honorable Judge Craig G. Riemer in Department 05 for all purposes.

The Case Management Conference is scheduled for 06/05/17 at 8:30 in Department 05.

Department 5 and 10 are located at 4050 Main St, Riverside, CA 92501.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 04/05/17                    by: _____

BRIANA N ELLICO-MESTAS, Deputy Clerk

ccadcc
12/11/14

Exhibit A
44 of 102

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael S. Morrison (SBN: 205320); Jessica Choi (SBN: 312796)<br>ALEXANDER KRAKOW + GLICK LLP<br>401 Wilshire Blvd. Suite 1000<br>Santa Monica, CA 90401<br>TELEPHONE NO.: (310) 394-0888   FAX NO. *(Optional):* (310) 394-0811<br>E-MAIL ADDRESS *(Optional):* mmorrisson@akgllp.com; jchoi@akgllp.com<br>ATTORNEY FOR *(Name):* Plaintiff Jesus Perez, et al. | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Riverside Historic Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Jesus Perez, et al.<br>DEFENDANT/RESPONDENT: CRST International, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RIC1705858 |

TO *(insert name of party being served):* CRST Expedited, Inc. c/o R. Jay Taylor, Jr., Esq.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 04/24/2017

Michael S. Morrison , Esq.
(TYPE OR PRINT NAME)

▶ *(signature)* (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

    Certificate of Counsel, Civil Case Cover Sheet, Class Action Case Management Order, Declaration of Section 170.6 CCP, Notice of Assignment to Department and Case Management Conference

*(To be completed by recipient):*

Date this form is signed:

R Jay Taylor, Jr., Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael S. Morrison (SBN: 205320); Jessica Choi (SBN: 312796)<br>ALEXANDER KRAKOW + GLICK LLP<br>401 Wilshire Blvd. Suite 1000<br>Santa Monica, CA 90401<br>TELEPHONE NO.: (310) 394-0888    FAX NO. *(Optional):* (310) 394-0811<br>E-MAIL ADDRESS *(Optional):* mmorrison@akgllp.com; jchoi@akgllp.com<br>ATTORNEY FOR *(Name):* Plaintiff Jesus Perez, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF/PETITIONER: Jesus Perez, et al.

DEFENDANT/RESPONDENT: CRST International, Inc., et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>RIC1705858 |
|---|---|

TO *(insert name of party being served):* CRST International, Inc., c/o R. Jay Taylor, Jr., Esq.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 04/24/2017

Michael S. Morrison, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Certificate of Counsel, Civil Case Cover Sheet, Class Action Case Management Order, Declaration of Section 170.6 CCP, Notice of Assignment to Department and Case Management Conference

*(To be completed by recipient):*

Date this form is signed:

R Jay Taylor, Jr., Esq.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Exhibit A
46 of 102

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 135 N. Alessandro Rd., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **INDIO** 46-200 Oasis St., Indio, CA 92201

☐ **MURRIETA** 30755-D Auld Rd., Ste. 1226, Murrieta, CA 92563
☐ **MORENO VALLEY**, 13800 Heacock St., Ste. D201, Moreno Valley, CA 92543
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501

RI-SCL006

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)
Michael S. Morrison
ALEXANDER KRAKOW + GLICK, LLP
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
TELEPHONE NO.: (310) 394-0888    FAX NO. (*Optional*): (310) 394-0811
E-MAIL ADDRESS (*Optional*): mmorrison@akgllp.com
ATTORNEY FOR (*Name*): JESUS PEREZ, et al.

FOR COURT USE ONLY

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 14 2017

PLAINTIFF/PETITIONER: JESUS PEREZ, et al.

DEFENDANT/RESPONDENT: CRST INTERNATIONAL, INC., et al.

CASE NUMBER: RIC1705858

| Hearing Date: June 5, 2017 | Time: 8:30 a.m. | Department: 05 |

### DECLARATION (Section 170.6 CCP)

Michael S. Morrison _____ declares that
(NAME)

he/she is the _____ Attorney _____ in this action.

That _____ Craig G. Riemer _____, Judge/Commissioner of the above entitled

court before whom the trial of the aforesaid action is assigned, is prejudiced against the party or the

interests of said party so that the party cannot, or he/she believes that he/she cannot have a fair and

impartial trial or hearing before said Judge/Commissioner.

I declare under penalty of perjury under the laws of the State of California that the information above is true and
correct.

Date: _____ April 12, 2017 _____, at _____ Santa Monica _____, California.

Michael S. Morrison
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

_____
(SIGNATURE)

Approved for Optional Use
Riverside Superior Court
RI-SCL006 [Rev. 5/4/11]

**DECLARATION (Section 170.6 CCP)**

Page 1 of 1

Code of Civil Procedure §170.6
riverside.courts.ca.gov/localforms/localforms.shtml

American LegalNet, Inc.
www.FormsWorkFlow.com

1   **ALEXANDER KRAKOW + GLICK LLP**
Michael S. Morrison (State Bar No. 205320)

2   Jessica S. Choi (State Bar No. 312796)
401 Wilshire Boulevard, Suite 1000

3   Santa Monica, California 90401
T: 310 394 0888 | F: 310 394 0811

4   E: mmorrison@akgllp.com | jchoi@akgllp.com

5   **HURWITZ, ORIHUELA & HAYES, LLP**
Nicolas Orihuela (State Bar No. 221898)

6   5757 Wilshire Boulevard, Suite 503
Los Angeles, California 90036

7   T: 323 965 2103
E: no@hohlawyers.com

8

9   Attorneys for Plaintiff JESUS PEREZ
individually, on behalf of all others similarly

10  situated, and the general public

11

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              COUNTY OF RIVERSIDE

14

15  JESUS PEREZ, as an individual, on behalf     Case No. RIC1705858
of himself, all others similarly situated, and   *[Assigned for all purposes to Hon.*

16  the general public,               *Sharon J. Waters, Dept. 10]*

17      Plaintiff,                  **NOTICE OF CASE MANAGEMENT
ORDER**

18      vs.

19  CRST INTERNATIONAL, INC., an Iowan
corporation, CRST EXPEDITED, INC., an

20  Iowan corporation, and DOES 1-100,
inclusive,

21

22      Defendants

23

24

25

26  / / /

27  / / /

28  / / /

ALEXANDER KRAKOW + GLICK LLP

RECEIVED

MAY 1 0 2017

SCOPELITIS, GARVIN,
LIGHT, HANSON & FEARY

Exhibit A
48 of 102

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR

ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on May 1, 2017, The Hon. Sharon J Waters issued

a Case Management Order. Plaintiff ordered to give notice (See Exhibit 1).


Dated: May 5, 2017              ALEXANDER KRAKOW + GLICK LLP
                              HURWITZ, ORIHUELA & HAYES, LLP


By:   _____
       MICHAEL S. MORRISON
       JESSICA S. CHOI
       Attorneys for Plaintiff JESUS PEREZ
       individually, on behalf of all others similarly
       situated, and the general public

ALEXANDER KRAKOW + GLICK LLP

NOTICE OF CASE MANAGEMENT ORDER

-i-

Exhibit A
49 of 102

# EXHIBIT 1